SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB# 24060371**
Assistant United States Attorney
pamela.paaso@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-396-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ODYSSEUS JAPETH TEWEE,** | |
| **Defendant.** | |

### Introduction

Defendant Odysseus Tewee recorded a video of child sex abuse material (CSAM) featuring a prepubescent child and shared the video through a messaging application. Pursuant to the plea agreement, the government recommends that the Court impose a sentence at the low-end range of the guidelines, a ten-year term of supervised release, restitution to the Minor Victim (MV), and a $100 special assessment.

///

///

**Government's Sentencing Memorandum**                                    **Page 1**

**Factual Background**

**A.    The Offense Conduct**

On September 23, 2024, Portland Police (PPB) received a tip from the National Center for Missing and Exploited Children (NCMEC) related to video of an adult male rubbing his penis against a sleeping child's mouth. There was also a video showing the male kissing the sleeping child's face. Both videos were uploaded to Discord, a messaging application, within forty minutes of one another from the same IP address. PPB identified the IP address as being registered to an account holder in Warm Springs, Oregon. PPB located a Facebook account associated with the e-mail in the tip, belonging to defendant. PPB contacted the Warm Springs Police (WSPD).

Upon receiving the information, WSPD and the FBI went to defendant's home. An adult family member viewed a sanitized photo and identified four-year-old MV. During an interview with police, defendant admitted to having made several videos with the victim, including the video in the NCMEC tip. Defendant admitted he made the videos for sexual gratification and also admitted that he sent the videos to multiple people online. The videos were recorded on June 22, 2024. In addition to the videos of MV, police recovered over 100 images and 9 videos containing Child Sex Abuse Material on defendant's phone.

**B.    The Charges**

Defendant was charged in a four-count indictment with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e), Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and Abusive Sexual Contact, in violation of 18 U.S.C. §§ 2244(a)and (c), and 1153.

**Government's Sentencing Memorandum**                                    **Page 2**

**C.      The Plea Agreement & Guideline Computations**

On January 5, 2026, defendant entered a guilty plea to Count 1, Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e). Pursuant to the plea agreement, the government will dismiss Counts 2, 3 and 4, and, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility.

The plea agreement contemplated a guideline calculation that included a two-level enhancement for use of a computer pursuant to U.S.S.G. § 2G2.1(b)(6), and a 1 level downward adjustment pursuant to 3E1.1. The Presentence Report indicates that the former enhancement is inapplicable and the government agrees. The government agrees with the guideline computation in the Presentence Report (PSR).

**Government's Recommended Sentence**

Defendant abused and exploited a minor child and shared videos of the exploitation with others. The government recognizes the relative youth of the defendant and his lack of criminal history. A low-end guideline sentence followed by ten years of supervised release is warranted.

**Victim Impact and Restitution**

The government has not received any victim impact statements (VIS); however, the government anticipates that the parents of MV may attend and make a statement at sentencing. If the government receives any VIS prior to sentencing, copies will be provided to the Court and defense upon receipt to fulfill its statutory obligations under the Crime Victims' Rights Act.  *See* 18 U.S.C. § 3771(a)(4) (providing that victims shall have the "right to be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing"); 18 U.S.C. § 3771(c)(1) ("Officers and employees of the Department of Justice . . . shall make their best

**Government's Sentencing Memorandum**                                                **Page 3**

efforts to see that crime victims are notified of, and accorded, the rights described in [18 U.S.C. § 3771(a)]").  Any VIS will be presented on behalf of the victim.

The government has not received any specific restitution requests as of this date.

**Conclusion**

Based on the foregoing, the government joins the Probation Office in recommending that this Court impose a low-end guideline sentence, followed by ten-year term of supervised release, subject to the standard and special conditions, and a special assessment in the amount of $100.

Dated: June 24, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney


*/s/ Pamela Paaso*
PAMELA PAASO, TXSB #24060371
Assistant United States Attorney

**Government's Sentencing Memorandum**                                    **Page 4**